IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CANDACE SUE PATTERSON                                          PLAINTIFF

v.                    CIVIL NO. 5:16-CV-5291

NANCY A. BERRYHILL,[1] Acting Commissioner,
Social Security Administration                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Candace Sue Patterson, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current applications for DIB and SSI on December 3, 2014, and May 30, 2014, respectively, alleging an inability to work since April 16, 2014, due to fibromyalgia, lupus, depression, chronic pain, and a steel plate in her neck. (Tr. 72, 88-89). For DIB purposes, Plaintiff maintained insured status through March 31, 2017. (Tr. 30). An

---

[1] Nancy A. Berryhill, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

administrative hearing was held on August 12, 2015, at which Plaintiff and a vocational expert testified. (Tr. 49-68).

By written decision dated September 4, 2015, the ALJ found that during the relevant time periods, Plaintiff had severe impairments of fibromyalgia, degenerative disc disease, obesity, and major depressive disorder with agoraphobia. (Tr. 30). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 30-33). The ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except that:

> claimant is limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling and no overhead work. In addition, the claimant is capable of work where interpersonal contact is routine but superficial, e.g. a grocery checker, and complexity of tasks is learned by experience, several variables, judgment within limits, and supervision required is little for routine, but detailed for non-routine.

(Tr. 33). With the help of a vocational expert (VE), the ALJ determined that Plaintiff was capable of performing her past relevant work as a data entry clerk and a billing clerk. (Tr. 40).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 26, 2016. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 11, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must

be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

IT IS SO ORDERED AND ADJUDGED this 5th day of March, 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE